Peter ANDERSON, Plaintiff,

v.

GOVERNMENT OF THE VIRGIN IS-
LANDS d/b/a Virgin Islands Police
Department, Ramon Davila, Kenneth
Mapp, Robert Soto, and Elton Lewis,
Defendants.

No. CIV.1996–118.

District Court, Virgin Islands,
D. St. Croix.

Aug. 22, 2001.

---

**ORDER**

MOORE, District Judge.

The United States previously filed a no-
tice of substitution for the individual defen-
dant Ramon Davila, pursuant to the Fed-
eral Employees Liability Reform and Tort
Compensation Act, also known as the
Westfall Act, and a part of the Federal
Tort Claims Act ["FTCA"]. In support of
its notice, the United States proffered the
necessary certification that Davila was act-
ing within the scope of his employment,
but this certification was signed by the
United States Attorney of for the District
of Puerto Rico. As discussed in my order
of February 26, 2001, the Court rejected
this certification as invalid because no au-
thority was cited for a United States attor-
ney to certify under the FTCA a civil
action brought in another district. I di-
rected the United States to provide either
the authority of the United States Attor-
ney for the District of Puerto Rico to issue
a certification pursuant to 28 U.S.C.
§ 2679(d), or another certification comply-
ing with the statutes and regulations gov-
erning the FTCA. *See, e.g.,* 28 C.F.R.
§ 15.3(a) (restricting the power of the
United States Attorneys to make the certi-
fications provided for in ... 28 U.S.C.
§ 2679(d) ... [for] civil actions or proceed-
ings brought against Federal employees in
*their* respective districts).

The United States has filed a new
certification signed by Jeffrey Axelrad, Di-
rector of the Torts Branch, Civil Division,
of the United States Department of Jus-
tice. The regulations governing FTCA
procedure provide:

The authority delegated to the Assistant Attorney General in charge of the Civil Division to make the certification[ ] provided for in ... 28 U.S.C. § 2679(d) ... is hereby delegated ... to any Director of the Torts Branch ....

28 C.F.R. Part 15 App. ¶ 2. Accordingly, Mr. Axelrad, as the Director of the Torts Branch, has the authority to certify, pursuant to the FTCA, that "Davila was acting within the scope of his employment as an employee of the United States at the time of the incidents out of which plaintiff's claims allegedly rose." (Attachment 1 to Mot. in Compliance and Notice to the Court.)

Although the Court accepts the new certification as valid, it is not bound by the conclusions of the United States that Davila was acting within the scope of his employment at the times relevant to Anderson's complaint. *Melo v. Hafer*, 912 F.2d 628, 642 (3d Cir.1990) (Certification under 28 U.S.C. § 2679 is subject to judicial review for purposes of determining whether United States can substitute as defendant for individual federal employee.), *aff'd*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). In this regard, I will schedule this matter for a hearing on the issue of whether Davila was acting within the scope of his employment at the times relevant to Anderson's Fourth Amended Complaint. It is hereby

**ORDERED** that this matter is scheduled for a hearing on **Friday, August 31, 2001, at 11 a.m.** at the District Court in St. Thomas. It is further

**ORDERED** that the parties shall be prepared to argue and present any evidence necessary concerning the scope of employment issue, in accordance with the law of *this* jurisdiction. *See, e.g., Brumfield v. Sanders*, 232 F.3d 376 (3d Cir. 2000); *Melo v. Hafer*, 13 F.3d 736 (3d Cir.1994); *Schrob v. Catterson*, 967 F.2d 929 (3d Cir.1992); RESTATEMENT (SECOND) OF AGENCY (1958).